# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COLUMBUS SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV1043 JAR |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion Requesting the Court to Stay or Put the 42 U.S.C. §2254 Petition in Abeyance While He Exhausts the Available Habeas Rule 91 Action (ECF No. 22) and Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). Because the Court cannot reach the §2254 Petition without first addressing the Motion for a Stay and Abeyance, the Court addresses that motion first.

As background, Petitioner pleaded guilty to two counts of first-degree robbery and two counts of armed criminal action in St. Charles County Circuit Court. (ECF No. 1 at 1). On or around April 21, 2008, Petitioner was sentenced to serve concurrent terms of twenty-three years on each of the four counts. (ECF No. 14 at 2). Petitioner filed a motion for post-conviction relief pursuant to Rule 24.035. The Circuit Court denied Petitioner's motion for post-conviction relief on April 29, 2010. (ECF No. 1 at 5-6). Petitioner appealed the Circuit Court's denial of Petitioner's motion for post-conviction relief, and the Missouri Court of Appeals, Eastern District, affirmed the denial of post-conviction relief on August 16, 2011. Sanders v. State, 345 S.W.3d 399 (Mo. Ct. App. 2011).

On May 9, 2012, Petitioner filed his Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). Therein, Petitioner alleges only one ground for relief. In Ground One, Petitioner contends that the motion court lost the authority to sentence Petitioner when they failed to act on his original request for disposition under the Uniform Mandatory Disposition of Detainers Law (UMDDL), Mo.Rev.Stat. §§ 217.450, *et seq.* (ECF No. 1 at 5). In other words, Petitioner alleges that the plea court lacked jurisdiction to enter judgment and conviction against him because he was not brought to trial within 180 days of his request for disposition of detainers in violation of Missouri's state speedy trial law. See R.S. Mo. § 217.460.[1]

On January 8, 2014, Petitioner filed a Motion Requesting the Court to Stay or Put the 42 U.S.C. §2254 Petition in Abeyance While He Exhausts the Available [State] Habeas Rule 91 Action ("Stay and Abey"; ECF No. 22). Petitioner requests that the Court hold his federal habeas petition in abeyance so that he can return to state court "to exhaust" his UMDDL claim. (ECF No. 22 at 1).

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted

---

[1] R.S. Mo. § 217.460 provides, in relevant part, "Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial."

claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir.1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir.1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines, 544 U.S. at 269 (2005).

In this case, Petitioner does not have any non-futile state remedies by which he can present his unexhausted claims to the state courts. Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal constitutions. Mo. S. Ct. R. 29.15. And any such motion must be filed no later than 90 days from the issuance of the mandate by the appellate court on direct appeal. Id. State habeas corpus proceedings, governed by Mo. S. Ct. R. 91 are not part of the established review process. See Polson v. Bowersox, 595 F.3d 873, 875 (8th Cir. 2010)(holding that Rule 91

proceedings were "other collateral review with respect to the pertinent judgment or claim" under 28 U.S.C. §2244(d)(1)). As a result, the Court finds that Petitioner's failure to seek Mo. S. Ct. R. 91 relief does not implicate his exhaustion of his claims, and the petition is not subject to stay and abeyance under Rhines.

In any event, the Court finds that it should not stay the instant action to allow Petitioner to pursue his Rule 91 state habeas petition because such action would be "plainly meritless." As discussed herein, the Court denies Petitioner's §2254 habeas petition as meritless.

First, the Court holds that Petitioner's §2254 habeas petition was untimely. Petitioner filed a pro se motion for post-conviction relief on October 6, 2008, which tolled the statute of limitations approximately 153 days into the one-year period for filing a federal habeas petition. (Respondent's Exhibit 6 at 8). The Circuit Court of St. Charles County issued its Judgment denying Petitioner's motion for post-conviction relief on April 29, 2010. (Respondent's Exhibit 6 at 46). Petitioner appealed the denial of his post-conviction motion on June 29, 2010. (Respondent's Exhibit 6 at 53). The Missouri Court of Appeals issued its mandate on Petitioner's post-conviction appeal on September 8, 2011, restarting the one-year period for filing a federal petition with approximately 212 days remaining of the one-year limitations period. (Respondent's Exhibit 11). Petitioner filed his Petitioner Under 28 U.S.C. §2254 for Writ of Habeas Corpus with this Court on May 9, 2012 (ECF No. 1), approximately 244 days after the Missouri Court of Appeals issued its Mandate in Petitioner's appeal of the denial of his post-conviction motion. Thus, Petitioner filed his Petition after a total of 397 un-tolled days had run, and 32 days after the applicable one-year limitations period had expired. (ECF No. 14 at 6). The Court holds that the Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is time-barred and is denied.

Even if the Court were to consider the merits of Petitioner's §2254 habeas petition, his claims fail as a matter of law. In Ground One, Petitioner alleges that the plea court lacked jurisdiction to enter judgment and conviction against him because he was not brought to trial within 180 days of his request for disposition of detainers in violation of Missouri's state speedy trial law, R.S. Mo. § 217.460. "The UMDDL provides that a person confined to the MDOC who has a detainer pending against him may file a written request to dispose of that detainer." Moore v. Steele, 4:12CV1174 CDP, 2013 WL 3092186, at *2 (E.D. Mo. June 18, 2013)(citing Mo.Rev.Stat. § 217.450(1)). "If that request complies with certain procedural requirements, the untried charges listed in the detainer must be brought to trial within 180 days (or longer for good cause) or the court loses jurisdiction over those charges." Moore, 2013 WL 3092186, at *2.

The Court holds that "'[a] violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254.'" Crenshaw v. Larkins, 4:09CV336 JCH, 2012 WL 886823, at *2 (E.D. Mo. Mar. 15, 2012)(quoting Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994)). The Eighth Circuit has held that "[t]he question of whether the Missouri courts had jurisdiction to sentence [the Petitioner] was one solely of state law and is therefore not properly before this court." Poe, 39 F.3d at 207; Moore, 2013 WL 3092186, at *4 (E.D. Mo. June 18, 2013)("The Eighth Circuit has characterized Missouri's UMDDL as a 'state speedy trial law,' ... and a claim that it has been violated may only be addressed by Missouri courts.")(citation omitted); Crenshaw, 2012 WL 886823, at *2 (E.D. Mo. Mar. 15, 2012)("a [speedy trial] claim is based only on Missouri law and actions of Missouri officials, and it may be addressed only by Missouri courts"). Because there is no federal habeas relief available for Petitioner's UMDDL claim, the Court denies his claim in Ground 1 and dismisses his §2254 habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that Motion Requesting the Court to Stay or Put the 42 U.S.C. §2254 Petition in Abeyance While He Exhausts the Available Habeas Rule 91 Action [22] and is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 9th day of July, 2014.

JOHN A. ROSS
UNITED STATES MAGISTRATE JUDGE